E. S. HOYT *vs.* INTEROCEAN BUILDING ASS'N.

Submitted on briefs May 15, 1894.    Reversed July 23, 1894.

No. 8707.

**Order of payment of withdrawals from solvent building associations.**
In the absence of a statute or a by-law regulating the order of payment, stockholders withdrawing from a solvent building association are to be paid in full in the order in which they perfect their withdrawals.

Appeal by defendant, the Inter Ocean Building Association, from a judgment of the Municipal Court of the City of St. Paul, *H. W. Cory*, J., entered August 15, 1893, in favor of plaintiff, E. S. Hoyt, upon the pleadings for $105.82.

*O. H. O'Neill*, for appellant.

*J. C. Michael*, for respondent.

PER CURIAM. This case is governed by the determination in *Heinbokel* v. *National Sav. L. & B. Ass'n, ante, p.* 340, (59 N. W. 1050,) just decided, and the judgment against defendant is reversed.

---

ON REHEARING.

Oct. 30, 1894.

COLLINS, J.    On the reargument of this case the only question discussed was whether, in the absence of a statute or a by-law regulating the order of payment, stockholders withdrawing from a solvent

building association are to be paid in full in the order of their withdrawal, or are to be placed on an equal footing, entitled to a *pro rata* share of all moneys applicable to the payment of such claims, without regard to the time or order of withdrawal.

We see no good reason why, in the case of a solvent association, there being no statute or by-law controlling the order of payment, the stockholder who first exercises his right and perfects his withdrawal should not first be paid. The other rule contended for by respondent—on the authority of *Englehardt* v. *Fifth Ward P. D. S. & L. Ass'n*, 5 Misc. R. 518, (25 N. Y. Supp. 835)—would lead to very serious and annoying complications. The number of withdrawals, and the amount of money to be apportioned, would vary from month to month, and, as a consequence, the percentage to be paid to each withdrawing stockholder would change at every payment. It might increase or decrease, all depending upon the constantly changing conditions before mentioned. Many perplexing questions would arise out of such a method of distributing funds of the association. Where the circumstances are as in this case we are of the opinion that the better rule to adopt (and it is not unjust) is that payments are to be made in full in the order in which withdrawals are perfected.

The order heretofore made is adhered to.

(Opinion published 60 N. W. 678.)